UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES OILER, | CASE NO. 5:18CV65 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff James Oiler ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying his application for Supplemental Security Income ("SSI"). ECF Dkt. #1. In his brief on the merits, filed on May 7, 2018, Plaintiff asserts that the administrative law judge ("ALJ"): (1) did not articulate a valid reason at step two of the sequential evaluation for finding that his depression did not constitute a severe impairment; (2) failed to state valid reasons for rejecting the opinions of his treating and examining physicians; and (3) did not meet the burden at step five of the sequential evaluation. ECF Dkt. #15. Defendant filed a response brief on June 6, 2018. ECF Dkt. #17. Plaintiff filed a reply brief on June 20, 2018. ECF Dkt. #18.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for SSI alleging a disability onset date of January 1, 2005. ECF Dkt. #11 ("Tr.") at 170.[2] The application was denied initially and upon reconsideration.

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

*Id.* at 104, 114. Plaintiff then requested a hearing before an ALJ, which was held on February 15, 2017. *Id.* at 26. On April 11, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 9. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on April 11, 2017, stands as the final decision.

The instant suit was filed by Plaintiff on January 10, 2018. ECF Dkt. #1. Plaintiff filed a brief on the merits on May 7, 2018. ECF Dkt. #15. Defendant filed a response brief on June 6, 2018. ECF Dkt. #17. Plaintiff filed a reply brief on June 20, 2018. ECF Dkt. #18.

## II.     **RELEVANT PORTIONS OF THE ALJ'S DECISION**

On April 11, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 9. The ALJ stated that Plaintiff had engaged in substantial gainful activity since November 12, 2014, the application date. *Id.* at 14. Continuing, the ALJ found that Plaintiff had the following severe impairments: bilateral shoulder pain; and low back pain. *Id.* The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 16.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following additional limitations: sit for six hours, stand for two hours, and walk using a cane for two hours in an eight-hour workday; requires a sit/stand option that permits alternating between the two every thirty minutes while remaining on task; frequently operate foot controls with the right foot and occasionally operate foot controls with the left foot; frequently operate controls with the bilateral hands; frequently reach, including overhead to the right and left; frequently handle with the bilateral hands; frequently kneel and crouch; occasionally stoop, crawl, and climb ramps and stairs; never climb ladders, ropes, or scaffolds; must avoid unprotected heights, moving mechanical parts, operating a motor vehicle, and vibration; and limited to simple, routine tasks involving simple work-related decisions. Tr. at 16.

The ALJ then stated that Plaintiff was unable to perform past relevant work, was a younger individual on the date the application was filed, had at least a high school education, and was able to communicate in English. Tr. at 19. Continuing, the ALJ stated that the transferability of job skills was not an issue because Plaintiff's past relevant work was unskilled. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since November 12, 2014, the date the application was filed. *Id.* at 20.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

**IV.    STANDARD OF REVIEW**

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).  Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance."  *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007).  Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled.  The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference."  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001).  However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."  *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

**V.    LAW AND ANALYSIS**

**A.    Step Two**

Plaintiff first asserts that the ALJ did not articulate a valid reason for finding that Plaintiff's depression did not constitute a severe impairment at step two of the sequential evaluation.  ECF Dkt. #15 at 17. Specifically, Plaintiff claims that the ALJ's finding that his depression did not cause more than minimal limitations in his ability to perform basic mental

-4-

work activities was contrary to the medical evidence. *Id.* at 18. Plaintiff avers that the ALJ's reliance on his lack of participation in formal mental health care was a misreading of the evidence. *Id.* at 19.

Defendant contends that the objective evidence significantly undermines Plaintiff's allegations of a disabling impairment and that the ALJ properly considered such contrary evidence when assessing the consistency of his claims. ECF Dkt. #17 at 8. Citing to the record, Defendant notes that Plaintiff: had decreased the frequency of his pain relief treatment over time; did not see his neurologist for over a year prior to the ALJ's decision; visited a psychiatrist once but did not seek follow-up care; had never required any psychologic or psychiatric care other than a brief period of counseling as a juvenile; and acknowledged that he responded well to his prescribed treatment. *Id.* at 8-9 (internal citations omitted). Next, Defendant states that the ALJ found in Plaintiff's favor at step two of the sequential evaluation since severe impairments were identified. ECF Dkt. #17 at 10. Defendant asserts that the ALJ properly considered all of Plaintiff's impairments when the sequential evaluation was continued past step two and that the fact that Plaintiff's depression was not designated as severe had no impact on the RFC finding or the disability determination. *Id.* at 11. Additionally, Defendant avers that the ALJ justifiably found that Plaintiff's failure to seek mental health treatment reflected on the severity of his mental impairments. *Id.* at 12.

Plaintiff' argument is without merit. As recognized by the parties, the purpose of step two of the sequential evaluation is to screen out totally groundless claims. *Halcomb v. Bowen*, 819 F.2d 289 (6th Cir. 1987). The ALJ addressed Plaintiff's depression at step two and discussed each of the four areas of mental functioning. In the area of understanding, remembering, or applying information, the ALJ determined that Plaintiff had a mild limitation because he did not require reminders to complete tasks and cared for his personal needs. Tr. at 15. The ALJ found that Plaintiff had a mild limitation in the area of interacting with others because he spent time with others, got along with authority figures, and was never terminated from employment. *Id.* In the area of concentrating, persisting, or maintaining pace, the ALJ found that Plaintiff had a mild limitation since he had trouble concentrating but could usually complete tasks and focus on

-5-

activities. *Id.* The ALJ determined that Plaintiff had a mild limitation in the area of adapting or managing oneself because he cared for his personal needs. *Id.* Accordingly, the ALJ adequately explained why Plaintiff's depression did not constitute a severe impairment.

Additionally, it is clear from the decision that the ALJ considered Plaintiff's depression when continuing through the sequential evaluation. *See* 20 C.F.R. § 416.945(a)(2). The ALJ noted that the frequency of Plaintiff's psychological and neurological treatment decreased over time. Tr. at 17. Continuing, the ALJ stated that although Plaintiff visited a psychiatrist in April 2015, he did not seek follow-up treatment. *Id.* The ALJ also address Plaintiff's claim that he "just makes it through the day" by stating that he remained capable of attending to his personal needs, preparing meals, handling his resources, and caring for the family dog. *Id.* at 18. Accordingly, Plaintiff had failed to show that the ALJ erred at step two of the sequential evaluation.

### B. **Opinion Evidence**
#### 1. **Treating Source**

Next, Plaintiff asserts that the ALJ failed to state valid reasons for rejecting the opinion of his treating physician, Scott Higley, D.O. ECF Dkt. #15 at 20. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore "be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful

appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Plaintiff states that Dr. Higley limited him to sedentary work and that the ALJ improperly disregarded the limitations regarding absenteeism, being off task, and needing to lay down and take additional breaks during the workday. ECF Dkt. #15 at 20. Defendant contends that the ALJ properly determined that Dr. Higley provided no real basis or support for the absenteeism and off-task limitations expressed in the opinion and properly determined that this portion warranted little weight. ECF Dkt. #17 at 15.

The ALJ provided "good reasons" for discounting Dr. Higley's opinion. Although only discussed briefly in the decision, the ALJ gave great weight to the portion of Dr. Higley's

opinion limiting Plaintiff to sedentary work. Regarding the absenteeism and off-task limitations contained in the opinion, the ALJ correctly explained that these findings were not explained. In the opinion, Dr. Higley simply checked a box indicating that Plaintiff would be absent more than four days per month and circled that Plaintiff would be off task over twenty-percent of the workday. Tr. at 571. When asked to explain the basis for the opinion, Dr. Higley wrote "PE, MRI." *Id.* Nothing in the opinion explains why Plaintiff was severely limited as expressed by Dr. Higley. Accordingly, the ALJ provided "good reasons" for discounting Dr. Higley's opinion and was not required to assign controlling weight to the opinion.

### 2. **Non-Treating Sources**

Plaintiff also asserts that the ALJ failed to properly address the opinions of Paul Scheatzle, D.O. and David Hardwick, a physical therapist. ECF Dkt. #15 at 22. Regarding Dr. Scheatzle, Plaintiff offers little explanation as to how the ALJ erred beyond apparently asserting that the ALJ should have adopted his opinion in its entirety. *See id.* at 22-23. As for Mr. Hardwick, Plaintiff claims that the ALJ erroneously determined that he was not a medical source. *Id.* at 23. Defendant avers that the ALJ properly recognized that Dr. Scheatzle's questionnaire response was based on a single visit. ECF Dkt. Dkt. #17 at 14. Continuing, Defendant states that the ALJ accurately determined that Mr. Hardwick was not an "acceptable medical source" because the applicable regulations do not deem physical therapists "acceptable medical sources." *Id.* at 17 (citing 20 C.F.R. §§ 416.913, 416.927).

The arguments presented by Plaintiff are without merit. As an initial matter, Dr. Scheatzle was not a treating source and the ALJ was not bound by the "good reasons" requirements. When addressing Dr. Sheatzle's opinion, the ALJ correctly indicated that the opinion was based on a single visit. Tr. at 18. Further, Dr. Scheatzle's opinion was presented in a similar manner to Dr. Higley's opinion and offered little explanation as to the limitations contained therein. *Se* Tr. at 537-38. Additionally, the ALJ properly recognized that Mr. Hardwick was not an "acceptable medical source" and did not appear to have any ongoing treatment relationship with Plaintiff. 20 C.F.R. §§ 416.913, 416.927. The ALJ also noted that no records from Mr. Hardwick appeared in the evidence. Insofar as Plaintiff argues that the ALJ

-8-

was bound by Social Security Ruling ("SSR") 06-03p, that SSR states that "information from such 'other sources' . . . may provide insight into the severity of the impairment(s) . . ." *See* ECF Dkt. #18 at 4. Here, the ALJ considered Mr. Hardwick's opinion and determined that it was based on "possibly" one visit, yet still assigned the opinion "partial consideration." Tr. at 19. The ALJ was not obligated to further consider Mr. Hardwick's opinion. For these reasons, Plaintiff has failed to show that the ALJ erred in the treatment of the opinion evidence from non-treating sources.

### **C.** **Step Five**

Plaintiff also asserts that the ALJ's RFC determination was not based on substantial evidence because the ALJ's "findings were not the same as the hypothetical question [] posed to the vocational expert." ECF Dkt. #15 at 26. Defendant contends that the hypothetical questions posed to the vocational expert envisioned greater restrictions than those contained in the RFC finding and therefore Plaintiff could perform the jobs presented by the vocational expert. ECF Dkt. #17 at 20. Defendant is correct in asserting that the RFC finding in the ALJ's decision was less restrictive than the RFC posed to the vocational expert in the hypothetical questions. Accordingly, Plaintiff would be able to perform the jobs identified by the vocational expert based on the RFC finding contained in the decision. For this reason, the ALJ did not err at step five and the decision is based on substantial evidence.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: March 8, 2019                      */s/George J. Limbert*
                                                               GEORGE J. LIMBERT
                                                               UNITED STATES MAGISTRATE JUDGE